# F. GREEN GARFIELD

*v.*

# AZARIAH HULS *et al.*

1.  CONTRACTS—*work improperly done—damages resulting therefrom.*  In an action to recover the price for threshing a lot of clover seed by the plaintiff for the defendant, it was *held,* if the plaintiff was employed for that purpose he was bound to execute it in a workmanlike manner, and if, through his negligence, want of skill, or defective machinery, the work was done in such manner that the defendant suffered damage thereby, the amount of such damage should be deducted from the price agreed to be paid for the work.

2.   And though the defendant may have accepted the work done, without complaint at the time, but without having an opportunity of inspection, still it was competent for him to show the defective character of the machinery, and of the work done, and his defense could be made available to the extent of the damage suffered by him on account thereof.

3.   QUESTION OF LAW OR FACT—*waiver.*  Where the defendant in an action for work and labor, seeks to defend on the ground that the work was so unskillfully and negligently done that he has suffered damage by reason thereof, it is improper for the court to instruct the jury that the presence of the defendant while the work was being done, and his failure to complain at the time, amounted to a waiver of such defense.  The effect of those facts, if they existed, should be determined by the jury, not by the court.

WRIT OF ERROR to the Circuit Court of Kane county; the Hon. SYLVANUS WILCOX, Judge, presiding.

The opinion states the case.

Mr. A. S. BABCOCK, for the plaintiff in error.

Mr. W. D. BARRY, for the defendants in error.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was a suit, brought by Huls against Garfield, to recover for threshing clover seed.  The defense set up was, insufficiency of the work and consequent damage.  There was evidence in the case tending to establish the defense, and that the amount

of the damage was as large as the claim sued for. The verdict and judgment were for the full amount of the plaintiffs' claim, as testified to by them, allowing nothing for damage.

On the trial, the defendant below asked, and the court refused to give, the following instructions to the jury :

" 1. If the jury believe, from the evidence, that the defendant employed the plaintiffs to thresh his clover seed for two dollars per bushel, then they, the plaintiffs, were bound in law to do it in a workmanlike manner. And should the jury further believe, from the evidence, that the plaintiffs, through negligence, want of care or skill, performed such threshing in a wasteful, slovenly manner, whereby the defendant was damaged in an amount equal to or greater than the sum claimed for the threshing, then the law is for the defendant, and the jury should so find.

" 2. If the jury should believe, from the evidence, that the plaintiffs were the owners of a clover machine, which they ran about the county for hire, and that the defendant employed them to thresh his clover seed at two dollars per bushel, and that they, the plaintiffs, knowingly undertook and performed said threshing with a machine, defective and out of repair, either in the huller or otherwise, whereby the defendant was damaged in an amount equal to or greater than the sum claimed for the threshing, then the law is for the defendant, and the jury should so find.

" 4. The jury are instructed that if they should believe, from the evidence, that the defendant accepted the work as done by the plaintiffs, without having an opportunity of inspection, and made no complaint at the time, yet the defendant may show the actual condition of the defects of the machine, and carelessness of the plaintiffs ; and if the jury are satisfied, from the evidence, that the defendant was injured or damaged, and such damage was the result of defective machinery, or a careless manner of working such machine, the jury may deduct the amount of such damage from the value of the threshing, as fixed by the parties."

The court, of its own motion, qualified the first and second instructions, by adding to the first, the words:

"Unless you further believe, from the evidence, that the defendant was present while the work was being done, and saw, and knew how the plaintiffs were executing the work, and made no objection or complaint, then in such case the law is for the plaintiff, and you should so find."

And by adding to the second, the words:

"Unless you further believe, from the evidence, that the defendant, while the work was being done, in whole or in part, was present, and saw and knew that the machine was not doing the work well, and allowed the threshing to go on, knowing that clover was not properly threshed out, or properly hulled, without complaint, then and in such case the law is for the plaintiffs, and you should so find."

And gave the same, as thus qualified, to the jury, to which the defendant excepted. And the court gave the following instruction for the plaintiffs:

"1.   If the jury believe, from the evidence, that the defendant was present during the threshing the clover seed, and knew how the work was being done, and made no objection to the manner in which it was being done, then the law infers that he waived any objections to the manner of its being done."

Which refusal and giving of said instructions are assigned as errors.

We perceive no substantial objection to the said instructions, as asked for by the defendant below, and think they should have been given.

The instructions, as qualified by the court, and the plaintiff's instruction, were erroneous, in pronouncing upon the effect of

Garfield's making no complaint about the work, under the circumstances set forth in the instructions—that it was a waiver of any objections to the manner of doing the work, and a bar to any claim for damages on account of its being improperly performed. It was only evidence of such waiver, or that there was no well grounded objection, or cause of complaint, as to the manner in which the work was done; and as such, it should have been left to the jury, for them to weigh and pass upon, and the court should not have determined upon its effect. In so doing, it encroached upon the province of the jury.

The objection to the instructions, in the above respect, is still more manifest when viewed in connection with the evidence bearing upon Garfield's conduct, as showing any waiver or estoppel as to his claim for damages.

All the testimony was, that Garfield was present but a small portion of the time the threshing was being done, and there was uncontradicted testimony that complaint was made about the work before Huls left.

Garfield testified: "I helped to uncover my stack, and they commenced work upon it; I staid until half a bushel was threshed, when I was forced to go to the house; I supposed the work to be satisfactory when I left; I went to bed; did not get up until two or three o'clock P. M.; they were on the last bag when I went out; the driver called my attention to the work; he said the work was not well done; I went to the barn to see how many bags there were; I discovered the yield was about one-half what it should be; I then came out and examined the straw and chaff; after they put up their teams and were ready to start, I asked him if he was satisfied with the manner in which the job was done; he said yes; told him I was not; that I would give twenty dollars if it was in the stack."

Butler testified: "Worked for Garfield at the time of threshing; it was not threshed clean; I called Huls' attention to it, and he admitted it was not clean; said the machine was out of order and must get it fixed before another season; over one

third of the seed left in the hulls and straw; I spoke to Huls, during the afternoon, about leaving the seed."

For the above assigned errors the judgment is reversed and the cause remanded.

*Judgment reversed.*